UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ___(STATE NAME)___ | : | HONORABLE JOSEPH E. IRENAS |
| _____ | : | |
| | : | Civil Action No. __-____ (JEI) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ___(STATE NAME)___ | : | **STANDARD JURY CHARGE** |
| _____ | : | |
| | : | |
| Defendant. | : | |
| _____: | | |

**IRENAS,** District Judge

LADIES AND GENTLEMEN OF THE JURY:

### § 1   Introduction to the Final Charge - Province of the Court and of the Jury

Now that you have heard all of the evidence to be received in this trial and the arguments of counsel it becomes my duty and privilege to give you the final instructions of the Court as to the law that will guide you in your decisions.  During the course of these instructions I will refer to ___(STATE NAME)___ as the plaintiff and ___(STATE NAME)___ as the defendant.

All of the instructions of law given to you by the Court -- those given to you at the beginning of the trial, those given to you during the trial, and these final instructions -- must guide and govern your deliberations.  It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them

from the evidence received during the trial.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  You should construe each of the instructions in light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence.  The order in which the instructions are given has no significance and is no indication of their relative importance.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you are to be governed by the instructions given to you by the Court.

You must not be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any view of the law other than that given in these instructions.  It also would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate the evidence received and to decide the factual questions presented by the respective positions of   (STATE NAME OF PLAINTIFF) and   (STATE NAME OF DEFENDANT).  In deciding the

issues presented to you for decision in this trial, you must not be swayed by bias, prejudice, or sympathy for or against any of the parties, nor influenced by public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to evaluate the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law that I am giving you now in these instructions.

At times during the trial you saw lawyers make objections to questions asked by other lawyers, and to answers by witnesses. This simply meant that the lawyers were asking me to make a decision on a rule of law.  Do not draw any conclusion from such objections or from my rulings on them.  These related only to the legal questions that I had to determine and should not influence your thinking.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.  Similarly, when I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

During the course of the trial we have from time to time held conferences with the attorneys at sidebar out of the hearing, hopefully, of the jury.  These conferences were held to resolve legal issues which arose during the trial.  Please do not speculate about what was said or decided at these sidebar

conferences.  Do not consider them in any way in reaching your verdict.

At times during trial, I asked questions of witnesses. These questions should not be taken as an indication that I have any opinion about the facts in the case.  Indeed, if I have said or done anything during the trial, or in instructing you now, that leads you to believe that I am inclined to favor the cause of the plaintiff or the defendant, you must remove that impression from your minds and not permit yourselves to be influenced by it because none was intended to be created.

### § 2  **Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received, and to give such evidence a reasonable and fair construction in the light of your common knowledge of human nature.

Keep in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.

## § 3  **Burden of Proof**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the testimonial and documentary evidence, not to the number of exhibits or witnesses.

If you find that the credible evidence on a given issue is evenly divided between the parties, such that it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence; he or she must prove the issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scale tips, however slightly, in favor of the party with the burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of the evidence.

5

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That level of proof does not apply to a civil case such as this and you should put it out of your mind.

### § 4   <u>Evidence Received in the Case</u>

THIS SECTION SHOULD BE EDITED TO REFLECT THE TYPE
OF EVIDENCE THAT WILL BE RECEIVED IN YOUR CASE.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been agreed to or stipulated.

You have also heard testimony in the form of depositions and interrogatories, which have been received into evidence.  A deposition is simply a procedure in which the attorneys for one side question a witness or an adversary party under oath before a court stenographer prior to trial.  An interrogatory is a written question to which a party or witness provides a written answer. A video deposition is a procedure where attorneys question a witness under oath before a court stenographer prior to trial while the whole proceeding is simultaneously taped by a specially trained video operator.  Deposition and interrogatory testimony is entitled to the same weight as live testimony and should be evaluated by you in the same manner as you would evaluate any other testimony.

During the trial several items were received into evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.  Examine the exhibits if you think doing so will help your deliberations.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Likewise, anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

### § 5  Questions are Not Evidence

Questions, objections, statements, and arguments of counsel are not evidence in the case.  If a lawyer asks a question on cross examination which incorporates a statement which assumed certain facts to be true, the question is not evidence of those facts if the witness denies the truth of the statement in his or her answer.  You may consider the facts incorporated into a question only if the answer of the witness recognizes their truth.  In short, questions are not evidence, answers are.

### § 6  Inferences From the Evidence

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other

words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.  Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

### § 7  Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial -- direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact.  The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.  You should weigh all the evidence in the case.  After weighing all the evidence, you must decide if the plaintiff has satisfied his or her burden of proving each element of the case by a preponderance of the evidence.

### § 8  Jury's Recollection Controls

If any reference by the Court or by counsel to matters of

testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.  You are the sole judges of the evidence received in this case.

### § 9  **Juror Notes**

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

### § 10 **Credibility**

There are times when you are asked to draw different inferences from the same facts.  It is for you, and you alone, to decide what reasonable inferences you choose to draw from the evidence in this case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.

You are called upon to resolve various issues of fact concerning the respective allegations of the parties. How do you determine where the truth lies? Your determination of the credibility or believability of a witness depends largely upon the impression the witness made upon you as to whether or not he or she was giving an accurate and truthful version of what occurred. In weighing the testimony of a witness you should consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, and the extent to which he or she has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

You must use your common sense, your good judgment, and your experience. In other words, what you must try to do is to size a person up, just as you would in any important matter where you are undertaking to determine whether or not a person is truthful, candid, and straightforward.

In passing upon the credibility of a witness, you may also take into account inconsistencies or contradictions as to material matters in his or her own testimony, the length of time which has passed since the events testified about, and any conflict between his or her testimony and the testimony of another witness. A witness may be inaccurate, contradictory, or even confused in some minor respects, and yet be entirely credible in the essentials of his or her testimony.

The ultimate question for you to decide in passing upon

credibility is -- did the witness tell the truth?  It is for you to say whether his or her testimony at this trial is truthful in whole or in part in the light of the demeanor, the explanations, and all the evidence in the case.

If a witness is shown <u>knowingly</u> to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness, or you may give it such credibility as you think it deserves.

### § 11 <u>Prior Inconsistent Statements</u>

IF THIS CHARGE IS NOT RELEVANT TO YOUR CASE, IT SHOULD BE DELETED.

During the course of the trial, the parties have sometimes challenged the testimony of certain witnesses by pointing to prior statements the witnesses allegedly made.  In considering this evidence, you must separate these prior statements into statements that were not made under oath and statements that were made under oath.

You may consider prior statements that were <u>not</u> made under oath solely for the purpose of impeachment; that is, you may consider them only to help you decide if you believe the witness's testimony.  For example, if the witness said something previously that conflicts with what he or she said here in court, there may be reason for you to doubt that witnesses' testimony.  That is for you to decide.  You are not permitted, however, to

use these earlier statements as affirmative, substantive evidence in this case.

Prior statements that <u>were</u> made under oath -- for example at a deposition, or in an affidavit, an answer to a written interrogatory or a sworn certification -- should be treated just as if they were made here in court. You may consider them for the purpose of impeachment, as above, but you may also consider them as affirmative, substantive evidence. You may rely on these statements as much, or as little, as you think proper.

It is exclusively your duty to determine whether the prior statement was inconsistent, and, if so, the significance of the inconsistency and how much weight it should be given.

## § 12 **Expert Witnesses**

During the trial you heard   (STATE NAME OF EXPERT WITNESS FOR THE PLAINTIFF)   testify as (an) expert witness(es) on behalf of the plaintiff. You also heard   (STATE NAME OF EXPERT WITNESS FOR THE DEFENDANT)   testify as (an) expert witness(es) on behalf of the defendant.

A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion in court about matters in that particular field. Just because these witnesses have expressed opinions does not mean, however, that you must accept their opinions. As with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that

decision will depend on your judgment about whether their background of training and experience is sufficient for them to give the expert opinion that you heard.  You must also decide whether their opinions were based on sound reason, judgment, and information.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that the individual testifies regularly as an expert witness.

### § 13 **Nature of the Claim**

IN A SHORT PARAGRAPH (2-3 SENTENCES), GIVE A BRIEF STATEMENT OF THE CLAIMS OF EACH PLAINTIFF.  IF THERE IS MORE THAN ONE CLAIM, A SEPARATE SECTION SHOULD BE USED FOR EACH TO SET FORTH THE ELEMENTS.

### § 14 **Elements of Plaintiff's Claim**

In order to prevail on the claim(s) against defendant plaintiff _____(STATE PLAINTIFF'S NAME)_____ must prove by a preponderance of the evidence that:  1) ____(STATE FIRST ELEMENT OF CLAIM TO BE PROVED)____ ; 2) _____(STATE NEXT ELEMENT OF CLAIM TO BE PROVED)___ ; and 3) _____(STATE ALL ADDITIONAL ELEMENTS OF CLAIM, IF ANY, IN NUMERICAL FORM)____ .  I will explain each of these concepts separately.

IN SUBSECTIONS A, B, C, ETC. UNDER THIS SECTION, PROVIDE A

13

CHARGE FOR EACH ELEMENT OF THE CLAIM.  FOR EXAMPLE, THE COURT HAS PROVIDED MODEL CHARGES FOR A SIMPLE NEGLIGENCE CLAIM, WHERE "POINT A" DEFINES NEGLIGENCE, AND "POINT B" DEFINES PROXIMATE CAUSE.

### A.    Negligence

Negligence is the failure to use that degree of care, precaution and vigilance which a reasonably prudent person would use under the same or similar circumstances.  It includes both affirmative acts which a reasonably prudent person would not have done and the omission of acts or precautions which a reasonably prudent person would have done or taken in the circumstances.  In order to establish negligence, it is not necessary that it be shown that the defendant had an evil heart or an intent to do harm.

In determining whether reasonable care has been exercised, you will consider whether the defendant ought to have foreseen, under the attending circumstances, that the natural and probable consequence of his/her/its act or omission would have been some injury.  It is not necessary that the defendant have anticipated the very occurrence which resulted from his/her/its wrongdoing, but it is sufficient that it was within the realm of foreseeability that some harm might occur thereby.

The test is the probable and foreseeable consequences that may reasonably be anticipated from the performance, or the failure to perform, a particular act.  If an ordinary person, under similar circumstances and by the use of ordinary care, could have foreseen that some injury or damage would probably

14

result and either would not have acted or, if he/she/it did act, would have taken precautions to avoid the harmful result, then the performance of the act or the failure to take precautions would constitute negligence.

### B.    Proximate Cause

If you find that the defendant was negligent you must then consider whether such negligence was a proximate cause of the accident.  By "proximate cause" it is meant that the negligence of the defendant was an efficient cause of the accident, that is, a cause which necessarily set the other causes in motion and was a substantial factor in bringing the accident about.  It is defined as a cause which naturally and probably led to and might have been expected to produce the accident complained of.

It is the duty of the plaintiffs to establish, by the preponderance of the evidence, that the negligent conduct of the defendant was the proximate cause of the accident and of the injuries alleged to have resulted from it.

### § 15 AND FOLLOWING

HERE THE PARTIES SHOULD PROVIDE ADDITIONAL CHARGES RELATING TO THE CLAIMS, DEFENSES, STANDARDS OF CARE, ETC. WHICH ARE SPECIFIC TO THEIR CASE.  FOR EXAMPLE, THE COURT HAS PROVIDED A STANDARD COMPARATIVE NEGLIGENCE CHARGE THAT WOULD BE USED IN A NEGLIGENCE CASE.

### § 16 <u>Comparative Negligence</u>

If you find that defendant ____(STATE NAME)____ was negligent

and that his/her/its negligence was a proximate cause of the accident, then you must consider whether plaintiff, __(STATE NAME)__, was negligent and whether that negligence was also a proximate cause of the accident. Although, as I previously instructed you, plaintiff bears the burden of proving defendant's liability, defendant bears the burden of proving, also by a preponderance of the evidence, that plaintiff was negligent and that the negligence was a proximate cause of the accident. If you find that defendant has met this burden of proof, you must then compare the negligent conduct of ___(STATE NAME OF DEFENDANT)___ and ___(STATE NAME OF PLAINTIFF)__ in terms of percentages. You will then attribute to each of them that percentage that you find describes or measures their negligent contribution to the happening of the accident. The percentages must add up to 100%.

       You may wonder what is the effect of these percentages. If you attribute to the plaintiff a percentage of negligent conduct of 50% or less, then the Court will reduce the recovery of damages by her/his/their percentage of the negligence that proximately caused the accident. If, for example, the plaintiff's negligent conduct is 20% or 50%, then the plaintiff's recovery of damages will be lowered by 20% or 50%. If you attribute to the plaintiff a percentage greater than 50%, then plaintiff will not recover damages from the defendant at all, your deliberations are concluded, and you should not make any determination as to damages.

## § 17 **Damages -- Effect of Instructions**

I will instruct you shortly on the law as to the proper measure of damages.  These instructions should not be considered as intimating any view of the Court as to which party is entitled to prevail on any issue in this case.  Instructions as to the measure of damages are given for your guidance in the event you find from the evidence in favor of the plaintiff.

## § 18 **Damages**

_____THE PARTIES SHOULD PROVIDE HERE CHARGES RELATING TO DAMAGES. FOR EXAMPLE, THE COURT HAS ENCLOSED SAMPLE CHARGES TO BE USED IN A STANDARD NEGLIGENCE CASE.

### A.   **Entitlement to Damages**

If you should find, by a preponderance of the evidence, that plaintiff has established that ___(STATE NAME OF DEFENDANT)___ was negligent in ___(STATE NATURE OF ALLEGED NEGLIGENCE)___ and that this negligence was a proximate cause of the accident, and that any comparative negligence of the plaintiff does not exceed 50%, you must then decide the appropriate amount of damages to be awarded to the plaintiff.

It is the duty of the plaintiff to prove by a preponderance of the evidence that the injuries and damage for which compensation is sought proximately resulted from the accident. It is not enough for plaintiff to prove a mere possibility that a particular injury or claimed item of damage resulted from the accident.  It must be shown that the injuries were the natural

and probable consequence of the accident.

**B.    Duty to Mitigate**

It is a general rule that a plaintiff injured by another's negligence (or other wrongdoing) has a duty to exercise ordinary and reasonable care to seek and submit to medical and surgical treatment in order to effect a cure and minimize damages. Failure or refusal to do so bars recovery for consequences which could have been averted by the exercise of such care.  In other words, damages that could have been prevented by the plaintiff's exercising reasonable care are not damages proximately caused by the defendant's negligence (or other wrongdoing).

**C.    Calculation of Damages**

**1.    Medical Expenses**

A plaintiff who is awarded a verdict is entitled to damages for his or her expenses for medical services, hospital services, medicines and medical supplies which were reasonably required for the examination, treatment and care of injuries sustained by him or her as a proximate result of the defendant's negligence (or other wrongdoing).  The measure of damages is the fair and reasonable value of such medical and hospital services, medicines and medical supplies.  There is testimony before you as to doctors' bills, hospital bills, drug bills and bills for medical

supplies, that these were fair and reasonable in amount and that the medical and hospital services, medicines and medical supplies were reasonably required for the examination, treatment and care of injuries sustained by the plaintiff in this accident.  You need not award the full amount claimed if you find a verdict in favor of the plaintiff, if you determine that any of these bills were not fair and reasonable to any extent, or that any of these services were not reasonably necessary to any extent.  The upper limit of the award which you may make for medical and hospital expenses is $_____.

### 2.  Disability, Impairment and Loss of the Enjoyment of Life

A plaintiff who is awarded a verdict is entitled to fair and reasonable compensation for any permanent or temporary injury resulting in disability to or impairment of her faculties, health, or ability to participate in activities, as a proximate result of the defendant's negligence.  Disability or impairment means worsening, weakening or loss of faculties, health or ability to participate in activities.  Disability and impairment includes compensation for the inability to pursue one's normal pleasure and enjoyment.  You must determine how the injury has deprived the plaintiff of her customary activities as a whole person.  This measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances of the case to compensate the plaintiff for her

injury and her consequent disability, impairment, and the loss of the enjoyment of life.

### 3.    Pain and Suffering

A plaintiff who sustains injuries as a result of the negligence of another is entitled to recover fair and reasonable money damages for the full extent of the harm caused.  The law recognizes as proper items for recovery, the pain, physical and mental suffering, discomfort, and distress that a person may endure as a natural consequence of such injury.  The measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances to compensate the plaintiff, no more and no less.

You may consider plaintiff's age, usual activities, occupation, family responsibilities and similar relevant factors in evaluating the probable consequences of any injuries you find the plaintiff has suffered.  You are to consider the nature, character and seriousness of any injury, discomfort or disfigurement.  You must also consider their extent or duration, as any award you make must cover the damages suffered by the plaintiff since the accident, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusions that plaintiff's injury and its consequences have continued to the present time or can reasonably be expected to

continue into the future.

The law does not provide you with any table, schedule or formula by which a person's pain and suffering may be measured in terms of money.  The amount is left to your sound discretion.  It is not an arbitrary power left to you, but rather the mechanism by which you are to attempt to make the plaintiff whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy.  You each know from your common experience the nature of pain and suffering, and you also know the nature and function of money.  The task of equating the two so as to arrive at a just and fair award of damages is one which requires a high order of human judgment.  For this reason, the law can provide no better yardstick for your guidance than your own enlightened and impartial conscience.

You are to exercise sound judgment as to what is fair, just and reasonable under all the circumstances.  In this undertaking, you should, of course, have regard to the testimony of the plaintiff herself bearing on the subject of her discomforts.  You should measure that testimony against the background of your own common experience and in light of your own appreciation of the inherent probabilities and your own frank appraisal of the plaintiff's demeanor and general credibility as a witness.  Similarly, you should scrutinize all the other evidence presented by both parties on this subject, including, of course, the testimony of the doctors who appeared.  Then, having given weight and consideration to each of the factors presented, to the extent

that you feel such weight and consideration is merited, you will arrive at a judgment which fixes the amount of money plaintiff shall receive in compensation for the total extent of her injuries, including all of the elements I have mentioned.

### 4.    Aggravation of Preexisting Illness or Condition

If a plaintiff who is awarded a verdict had a preexisting illness or injury, she is entitled to an award of damages only if the jury finds that the illness or injury was aggravated or made more severe as a result of this accident and only to the extent of such aggravation.

In fixing your award of damages for medical and hospital expenses, loss of earnings, pain, suffering, disability, or impairment you may allow the plaintiff such damages as will fairly and reasonably compensate her for injuries sustained in this accident, including any additional medical and hospital expenses and loss of earnings, and any increased pain, suffering, disability, and impairment because of aggravation of a preexisting illness or injury.  You may not award damages in this lawsuit for any medial and hospital expense, loss of earnings, pain, suffering, disability, or impairment attributed solely to a preexisting illness or injury.

If such preexisting illness or injury did not itself involve pain, suffering, disability, or impairment, but combined with the injuries sustained in this accident to produce such a condition, you may award damages to the full extent of such pain, suffering,

disability, or impairment.

If you find that the plaintiff's present condition results in part from a vulnerability or a latent disease or weakness without symptoms, her damages would be based upon the present condition of pain, suffering, disability, or impairment in full, even though you may speculate that an individual without such predisposition or latent condition would have experienced less pain, suffering, disability, or impairment.

### 5.    Life Expectancy

In accordance with standard tables adopted by this Court plaintiff's life expectancy today is \_\_\_\_\_ years.  That is an estimated figure on the probable length of life based upon statistical data.  It is contained in an actuarial table attached to the New Jersey Rules of Court.  Since it is a general rule you should use it with caution in an individual case.  The plaintiff may live longer than the actuarial life expectancy table provides, or she may die much sooner.  You should consider the life expectancy figure in your determination of damages, if any, to be awarded for future medical and hospital expenses, pain, suffering, disability and impairment in the future.  You should exercise your sound judgment in applying the life expectancy figure without treating it as a necessary and fixed rule.

### 6.    Taxability of Personal Injury Award

A personal injury damage award, such as in this case, is not

subject to federal or state income tax.  You should not, therefore, add or subtract any tax in fixing the amount of the award.  __


### § 19 __Nominal Damages__

If you find that plaintiff has not sustained actual damages, but you still conclude that plaintiff's legal rights were violated, then you may return a verdict for the plaintiff in a nominal sum.  Nominal damages are awarded if you conclude that the plaintiff suffered a deprivation of her rights but did not suffer any actual damages.  Nominal damages may be awarded only for the token sum of one dollar.


### § 20 __Punitive Damages__

If you find that plaintiff has established that ___(STATE NAME OF DEFENDANT)___ is responsible for ___(STATE NATURE OF CLAIM THAT PERMITS PUNITIVE DAMAGES)___, you must consider whether to award punitive damages.

Punitive damages are money damages that are awarded in exceptional cases to a plaintiff in excess of the harm actually suffered.  These damages are not awarded to compensate the plaintiff for injuries, but rather to punish a defendant for extreme or outrageous conduct or to deter a defendant and others like the defendant from engaging in such conduct in the future.

It is not sufficient to award punitive damages solely on the

basis that a defendant has engaged in __(STATE TYPE OF ACTION FOR WHICH PUNITIVE DAMAGES PERMITTED)__ .  You may award plaintiff punitive damages only if you find that the defendant maliciously or wantonly violated plaintiff's rights.  An act is done maliciously if it is prompted by ill will or spite toward the injured person -- an evil-minded act.  An act is done wantonly if it is done with a reckless, callous or deliberate disregard of the injured person's rights.  The plaintiff must prove by a preponderance of the evidence that the defendant acted maliciously or wantonly.

If you find that the defendant acted maliciously or wantonly with regard to plaintiff's rights, you may award punitive damages.  You may award punitive damages even if you do not award plaintiff any compensatory damages.  On the other hand, you may find that the defendant is liable for compensatory damages but that an award of punitive damages is not warranted.  An award of punitive damages is discretionary.  In other words, if you find that the legal requirements for punitive damages are met, you may award punitive damages, or you may elect not to award punitive damages.

In making your decision, you should consider the purposes of punitive damages.  You may consider whether punitive damages are appropriate in order to punish the defendant adequately, whether punitive damages are necessary to prevent the defendant from committing these acts again, or whether punitive damages are likely to prevent others from committing similar acts.

If you find that the plaintiff is entitled to an award of punitive damages, the Court will hold a further proceeding to determine the amount of that award and will instruct you at that time on how to calculate the award.

### § 21 **Duty To Deliberate**

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or merely for the purpose of returning a verdict.

You are not partisans. You are judges -- impartial judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Under no circumstances should your deliberations be affected or diverted by any appeal to bias, passion or prejudice for or against any of the parties, nor influenced by any pity or sympathy in favor of them. The law does not permit jurors to be governed by sympathy, prejudice or public opinion. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## § 22 **Conclusion**

(a)  If any of you have served on a jury before, you must disregard the facts and law of that case and any verdict you may have returned, because they have no application to this case. All cases are unique and must be judged independently.  You are not permitted to compare them to arrive at your verdict in this case.  Your verdict here must be based solely on the law I give to you and the evidence you heard and saw in this courtroom.

(b)  You are instructed once more that if I have asked any questions of any witness during the trial or if I have said or done anything during the trial, or in the course of instructing you now, that suggests to you that I am inclined to favor the case of the plaintiff or the defendant, you must remove that impression from your minds and not permit yourselves to be influenced it.  Nothing in these instructions or in the verdict sheet prepared for your convenience is meant to suggest what verdict I think you should find.  That is not my responsibility. The determination of the verdict is the exclusive and essential duty of the jury.

(c)  You will be provided with a written copy of these instructions should you desire to consult it during deliberations.  The captions at the beginning of the various sections or subsections are not part of the instructions and are there only for your convenience.  You must not consider any particular portion of these instructions in isolation, but

rather, you must apply all the rules of law about which I have instructed you.

(d)  May I commend counsel for their actions in this Court and for the respect which they have given to the Court.  I wish also to compliment and thank the jurors for their patience and for the attention they have paid to the witnesses, to the parties and to this Court.

(e)  If you have any questions for the Court, please write them on a piece of paper and have your foreperson give them to the United States Marshal for delivery to me.  Never attempt to communicate with the Court by any other means than a signed writing.  You will be provided with paper and pencils.  Bear in mind that you are not to reveal to the Court or to any person how the jury stands, numerically or otherwise, until you have reached a unanimous verdict.

(f)  Now a word as to the form of your verdict.  Your verdict must represent the considered judgment of each juror.  In order to return a verdict it is necessary that each and every juror agree to it.  Your verdict must be unanimous.  In accordance with our custom in this Court, Juror Number One, ___ (COURT WILL ADD NAME)  , will act as your foreperson and  (COURT WILL ADD NAME)   must sign the verdict when it is reached.

(g)  Jurors perform a very important function in deciding upon their verdict.  You are an arm of government, here to do justice.  There is nothing more sacred.  Do your duty conscientiously, according to your oath, and according to these

28

instructions, and justice will be done.